NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-245

ANN ANDERSON

VERSUS

RAPIDES PARISH POLICE JURY, ET AL.

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 236,509
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Chief Judge Ulysses Gene Thibodeaux, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Henry H. Lemoine, Jr.
607 Main St.
Pineville, LA 71360
Counsel for Plaintiff-Appellant:
        Ann Anderson

Thomas O. Wells
1254 Dorchester Dr.
P.O. Box 13438
Alexandria, LA 71315
Counsel for Defendant-Appellee:
        Rapides Parish Police Jury

**PAINTER, Judge**

Plaintiff, Ann Anderson, appeals the judgment of the trial court dismissing her action for damages pursuant to the motion for summary judgment filed by Defendant, the Rapides Parish Police Jury (RPPJ). Finding that no issues of material fact remain, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 3, 2008, while working for the Rapides Parish Sheriff's Office at the Rapides Parish Courthouse at 701 Murray Street in Alexandria, Louisiana, Plaintiff slipped, fell, and injured herself. She filed this suit against the RPPJ, the Rapides Parish District Attorney's Office (RPDAO) and the Rapides Parish Sheriff's Office (RPSO). The Police Jury filed a motion for summary judgment, which the trial court granted, dismissing Plaintiff's suit. Plaintiff appeals.

## DISCUSSION

*Summary Judgment*

The Lousiana Supreme Court recently outlined the law relating to summary judgment as follows:

> As this Court has previously stated, a motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343, p. 5 (La.1/19/11), 57 So.3d 1002, 1005; *Samaha v. Rau*, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83; *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 3 (La.11/29/06), 950 So.2d 544, 546, see La.Code Civ. Proc. art. 966. An issue is genuine "if reasonable persons could disagree." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751 (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1983)). A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Id.*; *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). Any doubt as to a dispute regarding a genuine issue of material fact must be resolved against granting the motion and in favor of a trial on the merits. *Sassone v. Elder*, 626 So.2d 345, 352 (La.1993).

1

Nevertheless, summary judgments are favored under the law as they are designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. Proc. art. 966(A)(2). Accordingly, rules are liberally construed to accomplish these ends, and a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B).

Initially, the burden of producing evidence at the hearing on the motion for summary judgment is placed on the mover who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. La.Code Civ. Proc. art. 966(C)(2); *Schultz*, 10-0343 at p. 6, 57 So.3d at 1006; *Samaha*, 07-1726 at p. 4, 977 So.2d at 883. "At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial." Samaha, 07-1726 at p. 4, 977 So.2d at 883 (quoting *Wright v. Louisiana Power & Light*, 06-1181, p. 16 (La.3/9/07), 951 So.2d 1058, 1069-70). Thus, "[o]nce the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion." *Id.*

*Oubre v. Louisiana Citizens Fair Plan*, 11-97, pp. 18-21 (La. 12/16/11), 79 So.3d 987, 1002-03, *cert. denied*, ___ U.S. ___, ___ S.Ct. ___ (2012).

The standard of review applicable to summary judgment was outlined by this court, as follows:

An appellate court reviews summary judgments de novo, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991).

*State v. Louisiana Land and Exploration Co.*, 10-1341, 11-843, 11-1016, p. 3 (La.App. 3 Cir. 2/1/12), 85 So.3d 158, 160, *writ denied*, 12-884 (La 6/15/12/), 92 So.3d 340.

2

Therefore, we will first examine the record de novo to determine whether Defendant carried its burden of showing a lack of factual support for an essential element in Plaintiffs case.

> Louisiana courts have adopted a duty-risk analysis in determining whether liability exists under the facts of a particular case. Under this analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217, p. 6 (La.4/3/02), 816 So.2d 270, 275-76.

*Christy v. McCalla*, 11-366, pp. 8-9 (La. 12/6/11), 79 So.3d 293, 299.)

The RPPJ asserted that it did not have a duty with regard to the part of the building in which the accident occurred because the RPSO is in control of that area.

According to La.Civ.Code art. 2317:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

Louisiana Civil Code Article 2317.1 further provides that:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

While it is not disputed that the RPPJ owns the building in which the accident occurred, "[l]iability under articles 2317 and 2317.1, . . ., is not

3

based on ownership, but on care, custody and control", *Klein v. Cisco-Eagle, Inc.*, 37,398, p. 12 (La.App. 2 Cir. 9/24/03), 855 So.2d 844, 852.

The only evidence regarding care, custody, and control before the court on the motion for summary judgment is that given in the excerpt of Plaintiff's deposition attached to Defendant's motion for summary judgment. In it she indicates that the furniture spray that may have caused the accident was sprayed by an employee of the RPDAO who mistook it for air freshener. She further indicates that a trustee assigned to the RPSO and in the control of the RPSO was called to clean the furniture polish off the floor. She agreed that the area was controlled by the RPSO.

Plaintiff did not timely introduce any evidence in contradiction of Defendant's motion, but rather argued the inadequacy of the evidence supporting the motion. Only after the hearing, but before judgment was rendered, did Plaintiff attempt to introduce evidence. However, this was only with regard to the question of whether Plaintiff knew what the substance she slipped on was. Nothing was introduced to bring into question the issue of control.

Accordingly, we find that summary judgment was properly rendered because no questions of fact remain as to the control of the area. All the evidence before the court on the motion for summary judgment showed that the RPPJ did not control the area of the courthouse in which the accident occurred.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Plaintiff.

**AFFIRMED.**

4